**Opinion filed September 12, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00323-CR

_____

### LANCE BRANTLY HINES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20878B**

### M E M O R A N D U M   O P I N I O N

Appellant, Lance Brantly Hines, originally pleaded guilty to the second-degree felony offense of sexual assault. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The State later filed a motion to revoke community supervision and adjudicate Appellant's guilt. At a contested hearing on the motion, the trial court found a majority of the State's sixteen allegations to be true, revoked Appellant's deferred-adjudication community supervision, and ordered a

presentence investigation report. At a subsequent hearing, the trial court assessed Appellant's punishment at confinement for fifteen years. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues to present in this appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response in which he asserts that he has various mental issues and that his original plea of guilty was not voluntarily entered because his first attorney forced him to take a plea deal. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have

independently reviewed the record, and we agree with counsel that there are no arguable grounds for appeal. [1]

We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation and to proceed with an adjudication of guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

We conclude, however, that the judgment contains nonreversible error. There is a variation between the oral pronouncement of sentence and the written judgment of adjudication. The written judgment includes a fine of $1,000. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

We grant counsel's motion to withdraw; modify the judgment of the trial court to delete the $1,000 fine; and, as modified, affirm the judgment of the trial court.

PER CURIAM

September 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.